## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHEASTERN DIVISION

| | |
|---|---|
| Bonita Wegner, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 3:06-cv-86 |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR REMAND**

### SUMMARY OF DECISION

Because the ALJ failed to adequately explain and reconcile the conflicting medical evidence from Plaintiff's treating physicians and relied instead on the report of the State Agency physicians to find against Plaintiff, Defendant's Motion for Remand is GRANTED. Plaintiff's motion for Summary Judgment DENIED and the case is REMANDED to the Commissioner for additional findings.

### STATEMENT OF THE CASE

This is a proceeding under Title XVI of the Social Security Act, 42 U.S.C. §§401-33. Claimant seeks judicial review of the final determination of the Commissioner of Social Security finding that she was not entitled to disability benefits. Plaintiff has alleged that she became

1

disabled on February 24, 2004 due to fibromyalgia, migraines, irritable bowel syndrome, and depression. (Tr. 74). Her application was initially denied (Tr. pp. 37-39) and upon reconsideration (Tr. 46-47). A request for an administrative hearing was timely made and a hearing was held before the Administrative Law Judge (ALJ) on April 4, 2006.(Tr. 311-329). The ALJ considered the evidence presented and issued an unfavorable decision on July 25, 2006. (Tr. 10-18).

     The ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 14). At step two the ALJ found that Plaintiff had severe impairments of obesity and disorders of the muscles, ligaments and fascia but that her depression was not severe. (Tr. 14-15). At step three the ALJ determined that her impairments did not meet any of the listed impairments. (Tr. 14-15). At step four the ALJ found Plaintiff's testimony not entirely credible. (Tr. 15-17). The ALJ also weighed the medical evidence and discounted the opinions of Dr. David Jacobson, M.D. and Dr. Larry Bauste, M.D., both treating physicians, finding no medical evidence documenting the severity of limitation and relied instead on the State Agency physicians who concluded that Plaintiff was capable of light work activity, and had only a non-severe mental impairment which did not pose further significant limitation and that Plaintiff could perform her past relevant work. (Tr. 17). The Appeals Council denied Plaintiff's request for review and the matter was thus ripe for judicial review under 42 U.S.C. § 405(g). Plaintiff contends on appeal that the opinions of Dr. Jacobson and Dr. Bauste are entitled to controlling wight. (Plaintiff's Brief 10-13). The Commissioner argues that while the ALJ's finding that the opinions of the treating physician were unpersuasive and not supported by the other medical evidence may be correct, the reasoning is "inadequately explained and further record development is required" before proper findings can be made. (Commissioner's brief at 5). Because this court sits as a reviewing court it is not in the position to weigh the evidence or credibility of witness

from the record, the case should be remanded to the commissioner for further proceedings.

## *DISCUSSION*

The standard of review applied to determinations of the Commissioner is deferential, and the Commissioner's findings are to be affirmed if supported by substantial evidence in the records as a whole. Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Sultan v. Barnhart, 368 F. 3d 857, 862 (8th Cir. 2004). In order to determine whether evidence is substantial, the court considers "evidence that detracts from the commissioner's decision as well as the evidence that supports it." Id. at 863. The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome. Id. If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed. Dixon v. Barnhart, 353 F.3d 6602, 605 (8th Cir. 2003). Under this very deferential standard it is possible that a court could affirm the ALJ concluding the weighing of conflicting medical evidence is uniquely in the arena of the administrative law judge and that evidence in the record exists to support his findings. However the commissioner has urged that the development of the record is insufficient and seeks a remand for further proceedings.

Some authority exists for the proposition that a motion by the Social Security Commissioner for remand under section 405(g) should not be granted by the court if the motion has been made after the answer has been filed by the Commissioner. Thompson v. Secretary of Health and Human Services, 721 F. Supp 34, 38 (W.D. N.Y. 1989). A different result, however, is required by the law of this circuit. Leckenby v. Astrue, 487 F.3d 626 (8th Cir 2007). There the claimant appealed an

order of the district court affirming the denial of benefits by the Social Security Commissioner. Id. At 627. The administrative law judge had partially rejected the residual functional capacity opinions of the treating physicians. Id. at 632. "The [social security] regulations provide that a treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight' provided the opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record,'" quoting Prosch v. Apfel, 201 F.3d 1010, 1012-13. (8th Cir. 2000). Although the treating physician's opinion is entitled to great weight it does not automatically control or obviate the need to evaluate the entire record. Lackenby, at 632. If the record contains substantial medical evidence that does not support the opinion of the treating physician the ALJ may reject the opinion. Id. If the ALJ fails to state the basis for the rejection and develop the record in his opinion the rejection of the treating physician's opinion is improper. Id. The remedy for the improper rejection of the treating physician's opinions is a remand to the ALJ for reconsideration and explanation of the inconsistent medical evidence. Id. 635.

      **IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment is **DENIED.**

      **IT IS FURTHER ORDERED** that the Defendant's motion to **REMAND** is **GRANTED.** The matter is hereby **REMANDED** to the Commissioner for further findings consistent with this opinion.

      Dated this 6th day of September, 2007, at Fargo, North Dakota.

                                      */s/ Ralph R. Erickson*
                                      Ralph R. Erickson
                                      United States District Judge